UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CAROL DECKER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>RIEXINGER & ASSOCIATES, LLC, and BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC,<br><br>    Defendant. | Case No.: 13-cv-1070<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Carol Decker is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes. Specifically, the alleged debt is related to Plaintiff's alleged personal credit card account.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer transactions that included agreements to defer payment, namely the alleged use of a credit card.

6. Defendant Riexinger & Associates, LLC. ("Riexinger") is a law firm with its principal place of business located at 3100 Breckinridge Blvd., Suite 722, Duluth, Georgia 30096.

7. Riexinger is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Riexinger is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Riexinger is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

9. Defendant Bureaus Investment Group Portfolio No. 15 LLC ("BIG 15") is a foreign limited liability company with its principal place of business located at 1717 Central Street, Evanston, Illinois 60204.

10. BIG 15 is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time BIG 15 acquires them.

11. Riexinger uses the mails and telephone to collect consumer debts originally owed to others, that are held by BIG 15.

12. BIG 15, directly or indirectly, is a debt collector under the above arrangement. 15 U.S.C. § 1692a(6).

## FACTS

13. On or about January 7, 2013, Defendants mailed a debt collection letter to Plaintiff. A copy of this letter is attached to this complaint as Exhibit A.

14. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15. Defendants sent Exhibit A, attempting to collect an alleged credit card debt that was originally owed to "HSBC Card Services, Inc." or another entity related to HSBC.

16. Exhibit A attempts to collect an alleged, former HSBC credit card debt. The letter references an HSBC card account number (redacted to the last four digits pursuant to Fed. R. Civ. P. 5.2(a)(4)).

17. BIG 15 purchased, or was otherwise assigned an ownership interest in, the alleged debt identified in Exhibit A after the alleged debt was in default.

18. The letter Defendants sent to Plaintiff (Exhibit A) includes the text: "This collection agency is licensed by the Office of the Administrator of the Division of Banking. PO Box 7876, Madison, Wisconsin 53707".

19. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

20. Neither Riexinger nor BIG 15 hold a Wisconsin Collection Agency License.

21. Neither Riexinger nor BIG 15 are licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency.

22. Neither Riexinger nor BIG 15 were licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

23. Neither Riexinger nor BIG 15 are listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited September 23, 2013).

24. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that neither Riexinger nor BIG 15 held a Wisconsin collection agency license on or around the date that Exhibit A was mailed.

25. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA."

## COUNT I – FDCPA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. Exhibit A falsely states that: "This collection agency is licensed by the Office of the Administrator of the Division of Banking" for the State of Wisconsin."

28. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

30. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or

4

approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

31. Defendants violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9) by falsely informing consumers that Riexinger was licensed by the State of Wisconsin's Division of Banking.

## COUNT II – WCA

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. The alleged underlying transactions, i.e. the alleged use of a personal credit card, were consumer credit transactions or consumer transactions with an agreement to defer payment. The use of a credit card, by definition, involves a consumer transaction to purchase goods or services and an agreement to defer payment until the credit card payment is due.

34. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

35. By using a letter which falsely represented Riexinger's licensing status in Exhibit A, Defendants used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

36. Defendants violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Riexinger regarding an

5

alleged debt owed to BIG 15, (c) stating that either Defendant is licensed by the Office of the Administrator of the Division of Banking, (d) seeking to collect a debt for personal, family or household purposes, (e) on or after September 23, 2012, (f) that was not returned by the postal service.

38. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and the WCA.

40. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

43. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 23, 2013.

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
dsyrios@ademilaw.com
jblythin@ademilaw.com

7